UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAIMATULLAH AMINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-03219 (UNA) |
| ) | |
| UNITED STATES ) | |
| DEPARTMENT OF STATE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed a Complaint, Dkt. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), Dkt. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, **DISMISSES** this matter for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who appears to be a citizen of Afghanistan currently residing in Germany, *see* Dkt. 1 at 1; *see also* Dkt. 1-1, contends that he was selected for the Diversity Visa Program, but that when he applied for that visa, it was denied based on Section 212(f) of the Immigration and Nationality Act, by the U.S. Consulate General at the U.S. Embassy in Frankfurt, Germany, *see* Dkt. 1 at 1–2; *see also* Dkt. 1-2. He asks this Court to review that decision and award him equitable relief affording him a U.S. visa. Dkt. 1 at 2.

This Court cannot exercise subject matter jurisdiction over Plaintiff's claim because "[i]t is undisputed that the decision to deny a visa is not subject to judicial review." *Malyutin v. Rice*, 677 F. Supp. 2d 43, 46 (D.D.C. 2009), *aff'd*, No. 10–5015, 2010 WL 2710451 (D.C. Cir. Jul. 6, 2010) (per curiam), *cert. denied*, 562 U.S. 1140 (2011). "Indeed, there can be no serious debate about the matter," because visa determinations are statutorily "enforced exclusively through

executive officers without judicial intervention." *Id*. (quoting *Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895). It is well-stablished that "the immigration laws preclude judicial review of consular visa decisions and . . . the doctrine of consular nonreviewability remains intact[] until Congress provides otherwise." *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1162–63 (D.C. Cir. 1999). Furthermore, this jurisdictional limitation "applies broadly. It applies even where it is alleged that the consular officer did not follow regulations," where "the pertinent regulations are invalid," and where "the decision was based on factual or legal error." *Malyutin*, 677 F. Supp. 2d at 46 (collecting cases).

Accordingly, the Court **DISMISSES** the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: December 11, 2025

/s/_____
ANA C. REYES
United States District Judge